UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS LEWIS JONES,

        Petitioner,        Case No. 1:97-cv-395

v.

        Honorable Paul L. Maloney

PEOPLE OF THE
STATE OF MICHIGAN,

        Respondent.
_____/

## ORDER DENYING MOTION TO AMEND

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner filed the instant habeas action in 1997, raising claims of double jeopardy, improper admission of evidence, improper jury selection and sentencing error. The petition was denied on October 28, 1997, in an order adopting the report and recommendation of the magistrate judge. Beginning in 2006, Petitioner made a series of attempts to file a second or successive petition. First, he filed a motion in the court of appeals seeking leave to file a second or successive petition on August 2, 2006, which was denied on December 11, 2006. Subsequently, on October 22, 2007, he filed a motion for relief from judgment in this Court. On November 20, 2007, this Court construed Petitioner's motion as a second or successive petition and transferred the case to the court of appeals for a determination whether to authorize a second or successive petition. The court of appeals dismissed the motion to file a second or successive petition on February 21, 2008 for want of prosecution. On April 2, 2008, on Petitioner's motion for reconsideration, the court of appeals reinstated the matter, but it denied the motion to file a second or successive petition on

September 18, 2008. On June 29, 2009, Petitioner filed yet another motion seeking leave to file a second or successive petition in the court of appeals. In that motion, Petitioner for the first time asserted that changes to the Michigan parole guidelines in 1992 and 1999 cumulative affected his rights under the *ex post facto* clause. On March 18, 2010, the court of appeals concluded that the ex post facto claim, which accrued after Petitioner's initial petition was filed, was not subject to the requirement for authorization from the court of appeals set forth in 28 U.S.C. § 2244(b)(2)(A). As a consequence, the court of appeals denied Petitioner's motion seeking such authorization as unnecessary as it related to a petition regarding the *ex post facto* claim.

The matter now is before the Court on Petitioner's motion to file an amended petition in his 1997 habeas case, in which he proposes to raise the *ex post facto* claim. Petitioner's motion is without merit. Although the court of appeals indicated that no authorization was required before Petitioner files a petition raising the *ex post facto* claim, it at no time suggested that the 1997 habeas action should be reopened for consideration of an amended petition. Any petition raising the *ex post facto* claim must be filed as a new habeas action, and a new filing fee will apply. Accordingly,

IT IS ORDERED that Petitioner's motion seeking leave to file an amended petition (docket #22) is DENIED.

Dated:   April 26, 2010          /s/ Paul L. Maloney
                                 Paul L. Maloney
                                 Chief United States District Judge